IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30575
_____


GERALDINE B. WRIGHT,

                                        Plaintiff-Appellant,

versus

COLUMBIA WOMEN & CHILDREN'S HOSPITAL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Lousiana
(USDC No. 99-CV-1893)
_____

March 18, 2002


Before KING, Chief Judge, REAVLEY and WIENER, Circuit Judges.

PER CURIAM:[*]

        Geraldine Wright appeals the district court's decision granting summary judgment

on her claims under the Age Discrimination in Employment Act (ADEA). Because there

is insufficient evidence in the record to raise a disputed issue of material fact as to

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

"pretext," we AFFIRM.

I.    Background

Geraldine Wright was born in 1942, and was 55 years old when she applied for a management job at Columbia Women and Children's Hospital (CWCH) in Lake Charles, Louisiana. The hospital created the new position with the title of Diagnostic Services Director to consolidate and manage the hospital's Laboratory and Radiology departments and save on management costs. The desired job qualifications advertised in a local paper included: "Minimum 3 years management experience, clinical experience with labratory [sic] or radiology services, experience with . . . laboratory accreditation or experience with . . . radiology accreditation is required, . . . responsible for the overall leadership for the laboratory and radiology departments."

Bill Willis, Assistant Administrator at the hospital, had primary responsibility for deciding whom to hire for the position. Wright applied for the job. She had worked at CWCH since 1985, as a "Staff Technologist-Generalist/Blood Bank Supervisor," a position for which Willis had hired her when he was Laboratory Director. Her staff technologist position gave her lab experience, and she had multiple lab accreditations. Wright concedes that her blood bank supervisor position did not involve real management responsibilities, but was simply the title of a job that was necessary for hospital accreditation purposes. She did, however, have management experience as a laboratory manager at Children's Clinic in Lake Charles from 1980-1983.

Willis did not interview Wright for the new position, and instead hired 28 year old

2

Chris Brown from outside the hospital. Willis claims he had some conversations with Wright that cast doubt on whether she agreed that merging the positions was a good idea, and that led him to conclude she was preoccupied with the job's pay. Wright claims these conversations did not take place. Willis also maintains that Brown had superior communication and leadership skills, and that he had received complaints about Wright from hospital doctors, so he thought she would not be able to work with doctors well enough to lead the department. He also questioned her commitment to the hospital based on her history of part-time work. At the time the position opened, Wright was working mainly weekends at the hospital; she worked as an insurance agent during the week. There is no evidence or argument that Willis or anyone at Columbia ever expressed overt age-based hostility. The record contains no evidence of Brown's education or prior work experience.

The district court granted summary judgment on Wright's claims of age discrimination. The court found that she failed to prove she met the advertised qualifications, because she did not have three total years of management experience, and the experience she did have was too far in the past to be relevant. He also found that even if she had demonstrated that she were qualified for the job, she had not submitted sufficient evidence to show that Columbia's proffered non-discriminatory justifications for hiring Brown were pretextual.

II.     Analysis

Motions for summary judgment are reviewed *de novo*, reviewing the record under the same standards applied by the district court.[1] To grant summary judgment, the court must be convinced that there is no "'genuine issue as to any material fact' and that the movant is entitled to judgment as a matter of law,"[2] as demonstrated by the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."[3] "Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party."[4]

In ADEA cases, the Supreme Court's McDonnell-Douglas burden-shifting framework[5] is employed at summary judgment to determine whether the plaintiff has raised a disputed issue of material fact on the existence of intentional discrimination. This test "established an allocation of the burden of production and an order for the presentation of proof in . . . discriminatory-treatment cases."[6] First, the plaintiff must establish a prima facie case of discrimination. Next, the defendant must produce evidence demonstrating a legitimate, non-discriminatory reason for the adverse employment action. Finally, the plaintiff must bear the burden of producing sufficient

---

[1] Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000).

[2] Id.

[3] FED. R. CIV. P. 56(c).

[4] Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001).

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

[6] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993)).

evidence to allow a jury to conclude that the defendant's reason was pretextual, or not credible.[7]

At the first step of the analysis, we assume without deciding that Wright made a prima facie case that she was minimally qualified for the position at issue. A prima facie showing of discrimination consists of a showing that (1) the employee is a member of the protected class; (2) she was qualified for the position sought; (3) she was rejected; and (4) the job was given to someone outside the protected class.[8] The district court found that Wright was not qualified for the position sought because she had less than three total years of management experience as required by the advertisement, and because it thought her experience to be so far in the past as to be irrelevant. We need not determine whether strict compliance with objective advertised hiring criteria is necessary to make a prima facie case that one is qualified for the position,[9] because Wright has failed in any event to show that CWCH's reasons for hiring Brown were pretextual.

CWCH, through Willis's declaration, has met its burden of supplying non-discriminatory reasons for its decision to hire Brown instead of Wright. We thus resolve this appeal at step three of the McDonnell-Douglas framework. "[W]here there is no direct evidence of discrimination, the plaintiff needs to present sufficient evidence that

---

[7] See id. at 142-43, 147.

[8] See Bennett v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998).

[9] See EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1193 (10th Cir. 2000); Anderson v. Zubieta, 180 F.3d 329, 342 (D.C. Cir. 1999) (both determining that only qualifications truly necessary to perform the job should be considered at the prima facie stage).

[the defendant's] proffered reason is false."[10]

In a failure to promote or hire case, the typical way for a plaintiff to prove pretext is to show that she was "clearly better qualified than the employee selected for the position at issue. . . . [T]he bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."[11]

In the present case, Wright has failed to present the court with any evidence that would us allow to compare Wright's qualifications with Brown's. Aside from purely conclusory statements in Wright's affidavit, not based on any established personal knowledge, there is no evidence regarding Brown's certifications to perform lab work, and no evidence describing his education or prior work experience. Conclusory statements not based on personal knowledge do not create a disputed issue of material fact.[12] Instead, CWCH emphasized through Willis's declaration a belief that Brown

---

[10] Crawford v. Formosa Plastics Corp., 234 F.3d 899, 904 (5th Cir. 2000).

[11] Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 357 (5th Cir. 2001) (internal citations and quotations omitted).

[12] Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Wright argues that the CWCH did not file a motion to strike these statements in the district court. However, the district court granted the motion for summary judgment the same day CWCH filed its Reply brief objecting to Wright's conclusory statements about Brown's qualifications. The district court plainly did not believe that the statements in Wright's affidavit constituted admissible evidence, or the sort of specific evidence needed to create a disputed issue

displayed superior communication and leadership skills during his interview, as well as through his references, qualities that the hospital weighted heavily.[13] Certainly we might speculate as to the significance of CWCH's failure to put evidence of Brown's objective qualifications into the record, but the burden was on Wright to supply this evidence since she would bear the burden of proof on this point at trial.

CWCH has also proffered as a reason for hiring Brown that it had received complaints from doctors about Wright's past performance, and that this cast doubt on her ability to successfully interact with doctors as part of the job's management responsibilities. The plaintiff "must put forward evidence rebutting *each* of the nondiscriminatory reasons the employer articulates."[14] Although Wright claims no one ever told her about these complaints before this lawsuit, she has put forth no evidence to show that they did not occur.[15] Wright's affidavit does dispute CWCH's assertions that

_____

of material fact under Rule 56, although it is not clear that it had received the Reply brief before reaching its decision. CWCH continues to urge in its brief on appeal that Wright's statements about Brown's experience were conclusory and made without personal knowledge, an argument that is well-taken and to which Wright has no substantive response.

[13] We are mindful that subjective qualifications particularly lend themselves to abuse in the discrimination context, and that it is difficult to refute subjective assessments of this sort. Medina v. Ramsey Steel Co., 238 F.3d 674, 681 (5th Cir. 2001). Comparative evidence about objective qualifications is all the more important when a decision is justified entirely or in part with subjective reasons.

[14] Ramirez v. Landry's Seafood Inn & Oyster Bar, 280 F.3d 576, 577 (5th Cir. 2002) (emphasis in original and citations omitted).

[15] Wright is not correct that Willis's statement about complaints from doctors is hearsay. Evidence of the complaints is not being offered to show the truth of the content of the complaints, but rather to show that Willis thought Wright would have trouble interacting with doctors, a necessary function of the new management position.

7

she made comments questioning the value of the newly created position and that she was preoccupied with the job's pay. But she has not adduced sufficient evidence to demonstrate that the other non-discriminatory reasons offered by the hospital are pretextual.

Finally, we consider Wright's argument that summary judgment should have been denied on the basis of an EEOC determination letter expressing an opinion that age discrimination may have occurred in this case. Although the Fifth Circuit has previously ruled such letters to be admissible,[16] this particular EEOC letter does not create a disputed issue of material fact on the issue of pretext. "Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."[17] The EEOC letter states:

> The successful applicant did not meet the minimum qualifications for the position while the Charging Party did meet the qualifications. The evidence shows that the reasons given by the Respondent for not selecting the Charging Party were subjective and Respondent gave no evidence to support them. The evidence shows that the Respondent did not interview any of the female applicants. . . . Based on the evidence, there is reasonable cause to believe that the Charging Party was discriminated against because of her age in violation of the [ADEA] and her sex in violation of [Title VII].

This determination letter contains only the broadest legal and factual conclusions, does not identify the qualifications taken into account by the EEOC, and does not outline the

---

[16] Lindsey v. Prive Corp., 161 F.3d 886, 894 (5th Cir. 1998). Lindsey did not explain whether such letters are inherently admissible or subject to the balancing requirements of Rule 403. CWCH concedes admissibility, so we need not reach this issue.

[17] Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

nature of the investigation conducted.  Wright has not included any part of the EEOC's investigative file in the record.  The EEOC's conclusory opinion, unsupported by any evidence in the summary judgment record, is not sufficient to defeat the motion for summary judgment.

III.     Conclusion

Wright has not placed sufficient evidence in the record to refute as pretextual the hospital's proffered non-discriminatory reasons for hiring Brown instead of Wright. Despite impassioned assertions on these matters, we are left with no evidence as to Brown's objective qualifications and no evidence to refute several of the hospital's reasons for making the decision to hire Brown.  Therefore, summary judgment was properly granted on Wright's ADEA claim.

AFFIRMED.