IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30169

_____


MERLON G. CRAWFORD,

                              Plaintiff - Appellant,

                    vs.

FORMOSA PLASTICS CORPORATION,
LOUISIANA,

                              Defendant - Appellee.

_____
Appeal from the United States District Court
for the Middle District of Louisiana
December 5, 2000

Before BARKSDALE and BENAVIDES, Circuit Judges.[*]

BENAVIDES, Circuit Judge:

     Merlon Crawford filed suit alleging that his reassignment by

his employer, Formosa Plastics Corporation, constituted disparate

treatment resulting from: (1) age discrimination, in violation of

the Age Discrimination in Employment Act, *see* 29 U.S.C. § 621 *et

seq.*, and (2) race discrimination, in violation of Title VII of

the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq*.  The

district court granted defendant's motion for summary judgment

and dismissed Crawford's claims of race and age discrimination.

_____

     [*] Judge Vela, District Judge of the Southern District of
Texas, was a member of the panel that heard oral arguments but did
not participate in the decision.  This case is being decided by a
quorum, 28 U.S.C. § 46(d).

Crawford filed a timely notice of appeal.

I. *Facts and Procedural History*

On August 27, 1990, Formosa Plastic Corporation hired plaintiff, Merlon Crawford, to work in the Engineering Center of its manufacturing plant in Baton Rouge, Louisiana. Plaintiff subsequently requested and obtained a transfer to the Maintenance Department. In January 1994, plaintiff was promoted within the Maintenance Department to the position of Assistant Instrument Manager. As Assistant Instrument Manager, plaintiff was responsible for the supervision of approximately 25 employees.

Since his promotion, Crawford has had a successful, yet often checkered, career at Formosa. On September 9, 1996, plaintiff's supervisor, Andre Borne, sent plaintiff a memo which addressed plaintiff's "poor performance as a manager." The memo contained several examples of his poor performance including Crawford's failure "to get involved and communicate" with his employees to "find out what is going on within [his] department."[1] Borne accused Crawford of "taking the easy way out" by merely deflecting problems rather than solving them. A February 19, 1997 memo reported Ricky Perez, a subordinate of Crawford, as stating that Crawford "was not a good manager. He has no idea how to manage and he can not accomplish anything in

---

[1] Crawford was also disciplined for his role in Formosa's receipt of an unsatisfactory rating from the Louisiana Department of Environmental Quality, a fact often considered "severe enough for termination."

the M&I Department."

In July 1997, Y.S. Lee was named the Electrical/M&I maintenance manager, thus becoming Crawford's supervisor. As one of Lee's assistant managers, Crawford described his relationship with Lee as "shaky." The first incident between Crawford and Lee occurred on October 3, 1997, when Lee told Crawford in a telephone conversation that his explanation during the morning departmental meeting was not clear. Crawford then went to Lee's office and a verbal encounter erupted. Lee reportedly used profanity, but at no time used any racial slurs, racially demeaning remarks, or racial overtones. During the same month, Lee and Crawford clashed over an employee's use of compensatory time, which Crawford had approved. Their relationship was strained further in November 1997, when Crawford joined other subordinate employees in drafting a memo to upper management questioning Lee's management style.

In response to low departmental productivity and morale and the recent departure of two employees, August Tassin and Chris Haley, Formosa personnel conducted an evaluation of the M&I department. Based on their evaluation, it was determined that plaintiff had failed, or was failing, to perform at a desired level. On February 13, 1998, plaintiff met with Simon Chang, the Assistant Vice-President of Maintenance. At that time Chang presented plaintiff with a letter informing him he was being reassigned to a staff position with the Maintenance Department,

3

but would be maintained at his current salary and job grade.  In addition, plaintiff was told that Lee would receive the same letter and would be reassigned to a staff position.

On July 22, 1998, plaintiff filed a complaint with the EEOC alleging discrimination based on his age and race.  On September 18, 1998, finding insufficient evidence to establish a violation, the EEOC issued plaintiff a right to sue letter.  On October 13, 1998, plaintiff filed the instant suit alleging violations of Title VII and the ADEA.

## II.  *Analysis*

Crawford's claims of discrimination are governed by the tripartite burden-shifting test established by *McDonnell-Douglas v. Green*, 411 U.S. 792, 802-04, 83 S.Ct. 1817 (1973).  Under this test, if Crawford establishes a prima facie case of discrimination, the burden shifts to Formosa to articulate a legitimate, non-discriminatory reason for reassigning Crawford. *See id.*  If Formosa satisfies this burden, the burden shifts back to the plaintiff, who must prove that "the legitimate reasons offered by the defendant [for reassigning the plaintiff] were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Products, Inc.*, __U.S.__, 120 S.Ct. 2097, 2104-05 (2000).

Crawford established a prima facie case of discrimination by showing that (1) he suffered a demotion; (2) he was qualified for

4

the position he occupied; (3) he was within the protected class at the time of the demotion; and (4) he was replaced by someone not within the protected class.[2]  *See Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998); *see also Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 n.3 (5th Cir. 1996) (en banc) (noting that the same analytical framework is applied to Title VII and ADEA discrimination cases).  The defendant has also met its burden of producing a non-discriminatory reason for his demotion.  Formosa's burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment."  *Reeves*, 120 S.Ct. at 2106.  Accordingly, Formosa's claim that Crawford was demoted for unsatisfactory performance as a manager satisfies its initial burden.  The critical inquiry then becomes the third part of the *McDonnell-Douglas* test–whether the plaintiff met his burden of showing that defendant's explanation was merely a pretext for the actual reason he was demoted–discrimination.  The district court concluded that Crawford had not met this burden and granted defendant's motion for summary judgment.

---

[2] Formosa argues that Crawford's reassignment did not amount to a demotion.  While resolving this question is somewhat difficult given Formosa's Byzantine job structure, it is clear from the record that the reassignment led to Crawford's managerial responsibilities being eliminated.  Moreover, from the record, it appears that Crawford's prospects for future promotion were affected.  These facts create a material dispute as to whether Crawford was demoted, rendering summary judgment on this basis inappropriate.

This Court reviews a grant of summary judgment de novo. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Summary judgment is proper when the evidence reflects no genuine issues of material fact and the non-movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). We must view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Id.* at 255.

The ultimate determination, in every case, is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination. *See Reeves*, 120 S.Ct. at 2106. In making this determination, a court should consider "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case. . . ." *Reeves*, 120 S.Ct. at 2108. We have often recognized the difficulty in proving discrimination by direct evidence. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 449 (5th Cir. 1996). Thus, the strength of the circumstantial evidence supporting the plaintiff's prima facie case and showing the defendant's proffered reason is false may be enough to create

6

an inference of discrimination.  *Reeves*, 120 S.Ct. at 2109.

A mere scintilla of evidence of pretext does not create an issue of material fact in all cases.  *Wyvill v. United Companies Life Insurance Co.*, 212 F.3d 296, 301 (5th Cir. 2000).  As stated by the Supreme Court in *Reeves*, a plaintiff must present "*sufficient* evidence to find that the employer's asserted justification is false."  *Reeves*, 120 S.Ct. at 2109 (emphasis added); *see also Rhodes*, 75 F.3d at 993.  It is, therefore, possible for a plaintiff's evidence to permit a tenuous inference of pretext and yet be insufficient to support a reasonable inference of discrimination.  *Travis v. Board of Regents of the Univ. of Tex. Sys.*, 122 F.3d 259 (5th Cir. 1997).  Likewise, if the evidence of pretext is substantial, the plaintiff may create a genuine issue of material fact without independent evidence that discrimination was the real reason for the adverse employment action.  *Walton v. Bisco Industries, Inc.*, 119 F.3d 368, 372 (5th Cir. 1997).  The determination must be made on a case-by-case basis, depending on the nature, extent, and quality of the evidence, as to whether a jury could reasonably infer discrimination.

As part of his prima facie case, Crawford demonstrated he was replaced by Brett Banta, a white male under the age of 40.  Crawford claims that Banta's promotion to his prior position was in violation of Formosa's own guidelines and thus shows

7

discrimination. Under Formosa's guidelines, Banta had not received the required ratings on his annual evaluations to merit a promotion. Banta, however, only replaced Crawford as the "acting" Assistant Manager pending the appointment of a permanent replacement. Banta's temporary assignment to the position does not violate Formosa's guidelines.

Crawford's evidence of pretext focuses on the managerial performance of Y.S. Lee, his supervisor. While the evidence supports Crawford's contention that Lee was the primary reason two department employees resigned, their departure was only part of the company's greater concern about the performance of the M&I department. According to Chang's letter, Crawford was transferred because of the turmoil within the department in which he was a manager. It would not have been unreasonable for the company to seek a fresh start in the troubled department. Significantly, Crawford was not the only one held responsible for the department's problems, Lee was also transferred to a staff position. Proof of Lee's ineffectiveness does not establish pretext or create an inference of discrimination, at worst it represents an internal inconsistency within the company.

Chang's letter also referenced Crawford's prior warning for poor performance as a manager. The referenced warning was given in a 1996 memo from Andre Borne, and was serious enough to warrant placing Crawford on probation. Crawford contends that the warning was two years prior to his demotion and that his most

8

recent evaluation reflected improvement.  While the most recent evaluation does score him "Above Average" (20th-40th percentile) both overall and in "organization management/leadership," it does not cover the six months prior to his reassignment when he was working with Lee.  The company attributes the low performance and morale in the department to Crawford's failure to work with and support Lee's efforts to improve the department.  For example, Formosa blames Crawford's poor management skills for the conflict between August Tassin, one of the employees that resigned, and Lee.  Crawford granted Tassin approval to use compensatory time to take off work, then failed to communicate with Lee when Lee challenged the use of compensatory time, leaving Tassin and Lee to conflict.  The tension between Lee and Crawford is well chronicled in the complaints filed by each with the company.  The most contentious of these was a memo, signed by Crawford and other employees, criticizing Lee's ability to manage the department.

The critical issue is whether Crawford has met his burden of showing a genuine issue of material fact as to whether Formosa's employment action was illegally motivated.  As in this case where there is no direct evidence of discrimination, the plaintiff needs to present sufficient evidence that Formosa's proferred reason is false.  Here, "[Crawford's] evidence to rebut the non-discriminatory reasons offered by [Formosa] is not so persuasive

so as to support an inference that the real reason was discrimination." *Rubenstein v. Administrators of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

### III. *Conclusion*

The plaintiff has failed to present sufficient evidence from which a reasonable jury could infer discrimination. Accordingly, we AFFIRM the holding of the district court.