UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20939
_____


CAROLYN ANN BROWN,

                                             Plaintiff-Appellant,

                            versus

G.B. BIOSCIENCES,

                                             Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
Civil Docket #H-99-CV-1742
_____
November 28, 2001


Before JONES, DeMOSS, Circuit Judges and LIMBAUGH,* District Judge.

PER CURIAM:*

        The court has carefully considered Brown's appeal of the

district court's adverse summary judgment on her claim that she was

fired in retaliation for complaints of sex-and race-based

discrimination and a hostile work environment.  The district court

_____

        *       District Judge of the Eastern District of Missouri, sitting by
designation.

        *       Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

found that Brown could not establish a causal connection between her protected activities and the discharge, inasmuch as she admitted to sleeping on the job during a probationary period, which caused her termination, and there was no close temporal proximity between her complaints and the company's disciplinary action. Alternatively, the court found insufficient evidence that the employer's explanation for her termination was false and pretextual.

After reviewing the briefs and pertinent portions of the record, we agree with the district court's conclusions. Brown produced no evidence from which it could be inferred that her complaints about a picture on her computer in early 1996, or an unwanted kiss on the cheek at the 1997 holiday party were connected in any way to her being placed on probation in April, 1998 or her being fired for violation of probationary conditions in August of that year. See Mato v. Baldauf, 267 F.3d 444, (5th Cir. 2001) (plaintiff must prove, *inter alia*, that a causal connection existed between the protected activity and the adverse employment action.) Further, Brown did not present sufficient evidence to permit a reasonable jury to conclude that the employer's basis for terminating her was unworthy of credence and a pretext for discrimination or retaliation. Mato, citing Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902-03 (5th Cir. 2001). Brown admitted the crucial facts that she was on probation and that she

2

was found sleeping on the job, which was precisely one of the acts that led to her probation.

For these reasons, the judgment of the district court is **AFFIRMED**.