**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31258**
**Summary Calendar**

_____

**CHRISTELLA B. JACKSON,**

**Plaintiff-Appellant,**

**versus**

**BELLSOUTH TELECOMMUNICATIONS, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(98-CV-904; 00-CV-1642)**

_____

April 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Christella B. Jackson, *pro se*, appeals the summary judgment granted BellSouth Telecommunications, Inc., on several bases, against her claims for race, gender, and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA). Jackson contends the district court erred, *inter alia*, in holding she had failed to demonstrate a genuine issue of material fact issue on whether

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BellSouth's proffered nondiscriminatory reason for her firing was merely pretext for discrimination.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court ... [and] view[ing] the evidence in a light most favorable to the non-movant". ***Vela v. City of Houston***, 276 F.3d 659, 666 (5th Cir. 2001) (internal citations omitted). "Summary judgment is proper when 'there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law.'" ***Id.*** (quoting FED. R. CIV. P. 56(c)).

Jackson's claims are governed by the tripartite burden-shifting framework of ***McDonnell Douglass Corporation v. Green***, 411 U.S. 792, 802-03 (1973) (Title VII). *See also* ***Bodenheimer v. PPG Indus., Inc.***, 5 F.3d 955, 957 n. 4 (5th Cir. 1993) (ADEA); ***Flanagan v. Aaron E. Henry Comty. Health Servs. Ctr.***, 876 F.2d 1231, 1233-34 (5th Cir. 1989) (§ 1981). Assuming Jackson established a *prima facie* case of discrimination, BellSouth has proffered a legitimate, nondiscriminatory reason for her termination: Jackson had violated the company's Tuition Aid Plan (TAP) by, *inter alia*, cashing duplicate reimbursement checks, seeking reimbursement for expenses that had already been reimbursed, and using reimbursements for non-tuition-related expenses. As discussed in the district court's detailed and comprehensive opinion, ***Jackson v. Bellsouth Telecommunications, Inc.***, 98-CV-0904 (W.D. La. 21 Sept. 2001),

2

Jackson has proffered evidence she was unaware of certain TAP guidelines; but, she has failed to create a genuine issue of material fact on whether her termination was illegally motivated or the legitimate, nondiscriminatory reason proffered for her termination was false. *See **Crawford v. Formosa Plastics Corp., La.**,* 234 F.3d 899, 903-904 (5th Cir. 2000).

Although Jackson raised other claims in the district court, as well as other issues on appeal, she has not briefed them here. Accordingly, they are deemed abandoned. *E.g., **Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993).

**AFFIRMED**