United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-60966

JOHNNIE EARL GRAISE,

Plaintiff-Appellant

VERSUS

ENTERGY OPERATIONS, INC.,

Defendant-Appellee

Appeal from the United States District Court For the Western
District of Louisiana, Lake Charles Division
5-04-CV-179

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM[*]

Plaintiff-appellant in this age discrimination suit appeals
the district court's grant of summary judgment in favor of
Defendant-appellee Entergy Operations, Inc. Because Appellant
fails to demonstrate the existence of a genuine issue of material

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact, we AFFIRM.

## I. Background

The Appellant Johnnie E. Graise ("Graise") filed this employment discrimination suit alleging that he was denied a promotion because of his age, which was 52 at the time of the promotion decision, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Graise met the minimum qualifications and interviewed for the position, but Entergy Operations, Inc. ("EOI") gave the promotion to Gregory Brown ("Brown") who was 43 at the time.

Graise worked at Grand Gulf Nuclear Power Station ("Grand Gulf")[1] in physical plant security from 1982 until January of 1995. In 1995, Graise voluntarily transferred out of Security Ops[2] and into the AA/FFD division.[3] In May 2003, Graise sought a promotion to the position of Plant Superintendent at EOI's Grand Gulf nuclear plant. This position is in the Security Ops division. The manager of Security Ops, Claudia Parker, was the hiring manager for this position and is the individual Graise claims discriminated against him. For Graise, the promotion would have been a jump over the

---

[1]Grand Gulf is owned by EOI. Security for the facility is provided by two separate functional divisions: (1) Security Operations ("Security Ops") and (2) Access Authorization/Fitness for Duty ("AA/FFD").

[2]Security Ops is responsible for external threats, i.e. securing the physical sites of EOI's nuclear plants.

[3]AA/FFD secures Grand Gulf from threats from within and has no responsibility for the security of the nuclear plant.

2

Supervisor's position to the Superintendent's position, a jump of two levels. The job required a high school diploma or equivalent and eight years of experience.

Three applicants met the minimum qualifications. One applicant withdrew his application, leaving only Graise and Brown. Both men participated in the Behavioral Interviewing Process ("BIP") which requires use of pre-determined, behavior-based interview questions to determine how candidates have dealt with actual situations in the past. Based on both candidates' responses to the Behavioral Interview questions, and the relevant experience of both individuals, all three members of the interviewing panel, which included Parker, agreed that Brown was the better candidate for the Superintendent position.

Graise filed suit against EOI alleging that he had been wrongfully denied the promotion under the ADEA. EOI then moved for summary judgment. The district court granted EOI's motion for summary judgment on grounds that Graise's proffered evidence on pretext failed to suggest a genuine issue of material fact.

## II. Discussion

We review a district court's grant of summary judgment de novo. E.g., Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  On a motion for summary judgment, a court must review the facts in the light most favorable to the non-movant.  Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000).  In an ADEA case, "[t]he ultimate determination . . . is whether, viewing the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination." Crawford, 234 F.3d at 902.

Where, as here, the plaintiff has failed to produce any direct evidence of discrimination, this court applies the well-known McDonnell Douglas burden-shifting framework.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).  EOI did not dispute below and does not now dispute that Graise properly established a prima facie case of discrimination. In response, EOI has articulated two nondiscriminatory reasons for promoting Brown rather than Graise to the Superintendent position: (1) Brown had superior experience in plant security and (2) Brown scored higher on the Behavioral Interview test.

Graise can prove pretext by providing evidence that each of EOI's two reasons is false and that age discrimination is the real reason.  Wallace v. Methodist Hospital System, 271 F.3d 212, 220 (5th Cir. 2001).  Graise has provided this court with no summary

4

judgment evidence demonstrating that the reasons EOI gave for its decision were false.

Graise also attempts to show pretext by demonstrating that he was "clearly better qualified" than Brown for the Superintendent position because Graise had a college degree and superior experience. "[D]ifferences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2001). (internal quotation marks and citation omitted). Graise's "clearly better qualified" argument fails because, inter alia, it is undisputed that Brown had superior experience in physical plant security post 9/11,[4] and the Superintendent position required only a high school diploma or equivalent and not a college degree. The district court properly concluded that Graise's evidence failed to create a fact issue tending to show that he was "clearly better qualified."

In sum, no genuine issue of material fact exists. The district court correctly held that Graise failed to make a showing that the reasons of EOI for failing to promote him was a pretext

---

[4]Recent experience in physical plant security is important because of the many changes in security procedures and techniques made since 9/11.

for discrimination.  We therefore affirm the judgment of the district court.

AFFIRMED.