United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60494
Summary Calendar

DANNY HOUK

Plaintiff - Appellant

v.

PEOPLOUNGERS INC

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi, Aberdeen
USDC No. 1:04-CV-333

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Danny Houk appeals the district court's grant of summary judgment to defendant-appellee Peoploungers, Inc. ("Peoploungers"), arguing that genuine issues of material fact remain with regard to Houk's claim of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq.[1]  Houk was fired by Peoploungers for

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1] Houk initially appealed the district court's grant of summary judgment to Peoploungers on his state law claim for

1

leaving work early one day without permission, but contends that he did have permission from a supervisor and that this factual dispute--along with his replacement by a worker nine years younger than him--forestalls summary judgment.

We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. See Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). "Summary judgment is proper when the evidence reflects no genuine issues of material fact and the non-movant is entitled to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(c)). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Under the burden-shifting framework for discrimination claims established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), Houk has the initial burden of establishing a prima facie case of discrimination by showing that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged

_____

defamation, but Houk conceded this claim in his reply brief.

because of his age." Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993). If Houk meets these requirements, "a presumption of discrimination arises which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason for the discharge." Id. If Peoploungers satisfies this burden, "the presumption of age discrimination established by [Houk's] prima facie case dissolves," id., and Houk must show either that (1) Peoploungers's reason is not true, but is instead a pretext for age discrimination, or (2) Peoploungers's reason, while true, is only one reason for its actions, and Houk's age was a motivating factor for his discharge. Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

Assuming arquendo that Houk established a prima facie case of age discrimination, the district court properly recognized that no genuine issue of material fact exists as to whether Peoploungers's given reason for the discharge was either pretextual or accompanied by an age-based reason. Although the parties dispute whether and under what terms Houk's direct supervisor gave Houk permission to leave early, the only evidence presented as to the managers who made the decision to fire Houk indicates that they believed that Houk did not have permission to leave. Cf. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with

3

discriminatory motive."). And even if we were to infer, as Houk urges, that Houk's direct supervisor must have told the decision makers that Houk had permission to leave, the evidence does not show that Peoploungers's given reason is a pretext for age discrimination or that age was in any way a factor in Houk's termination.

Houk points out that he was replaced with a worker who was nine years younger than him. Houk's successor, however, was not hired or promoted into the job, but was merely another worker already in Houk's department who was assigned to take over Houk's workload after the firing. Further, Houk was fired at age 48, only a year and a half after he was hired at age 46 by one of the same managers ultimately involved in the decision to fire him, making his claim of age discrimination even more tenuous. Cf. Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996) (holding that the hiring and firing of an employee by the same actor within a period of a few years "gives rise to an inference that age discrimination was not the motive behind [the] termination").

Finally, despite the importance that Houk places on the less severe, 30-day probation given to the two younger workers that left with Houk on the day in question, there is simply no evidence indicating that the different treatment was based on age. One of the younger workers, Houk's son, left with Houk because Houk was his ride, and the other worker was Houk's work

4

partner, whose work would have been less efficient without Houk. More significantly, neither of those workers had a history of walking off the job without permission, whereas Houk admits that he quit without notice and walked off the job without permission in an earlier stint with Peoploungers in 2001, providing a legitimate justification for punishing Houk more harshly this time around.

Because Houk points to no evidence that Peoploungers's reason for firing him is a pretext for age discrimination or that age was a motivating factor in his discharge, the district court properly granted summary judgment to Peoploungers.

AFFIRMED. Costs shall be borne by plaintiff-appellant.