IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 07-40390
Summary Calendar

ROY MUDRICK; CAROL MUDRICK

                                                    Plaintiffs-Appellants

v.

CROSS EQUIPMENT LTD

                                                    Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas, Galveston
No. 3:04-CV-593

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Roy and Carol Mudrick appeal from the district court's March 12, 2007 order granting summary judgment for defendant-appellee Cross Equipment, Ltd., determining that their decedent was a Jones Act seaman and barring their recovery of non-pecuniary damages. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case comes to us on appeal for the second time. It arises out of a tragic event that resulted in the death of Roy and Carol Mudrick's (the "Mudricks" or "Plaintiffs") son, Jonathan Mudrick (the "Decedent"), on October 17, 2002. The Decedent was employed by Cook Inlet Spill Prevention & Response, Inc. ("CISPRI") as an Oil Spill Technician ("OST") aboard Barge 141 in Nikiski Bay, Alaska when he was struck in the head by a steel anchor cable that came off of the winch, manufactured by Cross Equipment, Ltd. ("Cross" or "Defendant"), that he was using to wind the cable and raise the anchor.

As an OST, the Decedent was required to: conduct "and/or direct the deployment, operation, and recovery of each of CISPRI's oil spill response systems . . . to effectively control, contain, and clean-up oil spills"; and to safely "operate all CISPRI spill response and support equipment, vessels, vehicles, and heavy equipment."

The education and experience required for the Decedent's OST position include: a "[m]arine background with thorough knowledge of marine conditions which exist within the State of Alaska and specifically in the current CISPRI response area"; vessel "operating skills including navigation, seamanship, weather observations, operating in close proximity to other vessels and spill response equipment"; and a "Merchant Marine Document with Barge Tankerman . . . endorsement – includes barge firefighting training."

The physical demands of the Decedent's job include: "walking, climbing ladders, work on vessels and barges"; "driv[ing]/operat[ing] vehicles, vessels, and heavy equipment (including cranes)"; "lifting small pumps and generators . . . from vessel to vessel . . . or on the deck of a vessel moving both up and down and side to side on iced or wet surfaces"; "climb[ing] up and down a dock ladder . . . and mov[ing] to or from a moving vessel on to the ladder"; "maintain[ing] balance while moving from dock to vessel across railings . . . onto a vessel that

may be moving up and down as much as 4 feet"; possessing "unimpaired judgment and physical ability to perform as the Operator of a small vessel . . . in seas up to 6 feet . . . with up to 4 passengers or crew"; "pull[ing] . . . lines . . . on a large vessel's steel deck, which may be moving from side to side or up and down and may be coated with water, snow, or ice"; assisting "in the rescue of a co-worker from the water . . . solo on a two man response vessel"; and performing "routine and emergency maintenance within the confines of a small vessel engine room."

The Mudricks sued Cross, as well as other parties who were subsequently dismissed, for negligence, strict liability, failure to warn, and breach of warranty under the Texas Wrongful Death Act. On August 31, 2005, Cross filed its first motion for summary judgment on the issues of the Decedent's Jones Act seaman status and the application of the general maritime law. The district court granted Cross's motion on December 9, 2005, based primarily on evidence in the Decedent's time sheets that he had spent thirty-two percent of his time working on CISPRI vessels in navigation. The court determined that when combined with his job duties, the evidence established that the Decedent qualified as a seaman. On appeal, we vacated the summary judgment and remanded to the district court for reconsideration under the proper summary judgment standard.

On remand, the district court again granted summary judgement for Cross on March 12, 2007, incorporating its first order into its second and determining that the Decedent was a Jones Act seaman, and that the general maritime law should apply, thus barring the Mudricks from recovering non-pecuniary damages under Scarborough v. Clemco Industries, 391 F.3d 660 (5th Cir. 2004). The Mudricks filed timely notice of appeal on April 9, 2007.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable

inferences in that party's favor. See Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). "Summary judgment is proper when the evidence reflects no genuine issues of material fact and the non-movant is entitled to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(c)). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

When, as here, the moving party bears the burden of proof on the relevant issues at trial, the moving party "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); see also Bernard v. Binnings Constr. Co., 741 F.2d 824, 827 (5th Cir. 1984) (holding that the burden of proving seaman status is on the party claiming benefits therefrom). Then, the nonmoving party must present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." TIG Ins. Co. v. James, 276 F.3d 754, 759 (5th Cir. 2002). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

## III. DISCUSSION

The dispositive issue in this case is whether the Decedent was a seaman under the Jones Act, 46 U.S.C. § 30104. The Supreme Court has given us a two-pronged test to determine seaman status. First, "the worker's duties must contribute to the function of the vessel or to the accomplishment of its mission." Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995). Second, "the worker must

have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." Id.

The Supreme Court has endorsed the Fifth Circuit's benchmark for measuring whether a worker's connection is of a substantial duration, declining "to find seaman status where the employee spent less than 30 percent of his time aboard ship." Id. at 367 (citing Barrett v. Chevron, U.S.A., Inc., 781 F.2d 1067 (5th Cir. 1986) (en banc)) (listing Fifth Circuit cases applying the thirty percent benchmark). The Court added, however, that this "figure . . . serves as no more than a guideline established by years of experience, and departure from it will certainly be justified in appropriate cases." Id. at 371.

Essentially, the "fundamental purpose of this substantial connection requirement is to . . . separate the sea-based maritime employees who are entitled to Jones Act protection from . . . land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and . . . whose employment does not regularly expose them to the perils of the sea." Id. at 368; see also In re Endeavor Marine, Inc., 234 F.3d 287, 290 (5th Cir. 2000). In general, seaman status under the Jones Act is a mixed question of law and fact, usually determined by a jury. In re Endeavor Marine, Inc., 234 F.3d at 290. "Nevertheless, summary judgment . . . is mandated where the facts and the law will reasonably support only one conclusion." Id. (internal quotation marks omitted).

On appeal, the Mudricks challenge the district court's determination that the Decedent had a connection "substantial in terms of both its duration and its nature," Chandris, 515 U.S. at 368, to a fleet of CISPRI vessels in navigation. Cross argues that the Mudricks waived their specific arguments on appeal by failing to raise them with equal specificity to the district court.

## A. Waiver

In its brief to this court, Cross, relying on Vogel v. Veneman, 276 F.3d 729, 733 (5th Cir. 2002), argues that the Mudricks waived their arguments challenging the sufficiency of the evidence to support a finding that the Decedent's connection to a fleet of vessels in navigation was substantial because they did not raise them before the district court. Comparing the Mudricks' response to Cross's motion for summary judgment with their brief on appeal, we note that the Mudricks certainly parse the record with significantly more detail in their brief than they did below. However, the Mudricks did argue to the district court that the Decedent's time sheets were not sufficiently specific to establish that the Decedent spent at least thirty percent of his time working on CISPRI vessels. Further, they argued that the references to "marine work" in the time sheets were not made by the Decedent, but by his supervisor well after the accident giving rise to this case occurred.

Thus, although the Mudricks argue the facts much more meticulously on appeal than in their response to Cross's motion for summary judgment, their arguments challenging the sufficiency of the record are not waived because they "argued all along" that Cross could not establish the Decedent's substantial connection to a vessel or fleet of vessels based on the notations in his time sheets. See Performance Autoplex II, Ltd. v. Mid-Continent Cas. Co., 322 F.3d 847, 855-56 n.11 (5th Cir. 2003).

## B. Jones Act Seaman Status

In this case, the Mudricks dispute only "that the summary judgment evidence conclusively established the temporal requirement of seaman status." In order to meet its burden on summary judgment, Cross must present evidence that establishes "beyond peradventure," Fontenot, 780 F.2d at 1194, that the Decedent had a connection to a vessel or fleet of vessels in navigation "that is substantial in terms of both its duration and its nature." Chandris, 515 U.S. at

6

368. With respect to the duration inquiry, as a general rule, a "worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." Id. at 371.

The nature and duration inquiries, while distinct, are not unrelated, see id., especially in the context of a maritime job such as an oil spill technician, which would inherently entail fluctuating time aboard a vessel in any given year depending on the frequency and severity of oil spills in the relevant coverage area. Just as a worker should not be permitted to "walk into and out of [Jones Act] coverage in the course of his regular duties," Barrett, 781 F.2d at 1075 (citing Longmire v. Sea Drilling Corp., 610 F.2d 1342, 1347 n.6 (5th Cir. 1980)), seaman status should not depend on the inherent irregularity of oil spills.

The Supreme Court has noted that:

> the total circumstances of an individual's employment must be weighed to determine whether he had a sufficient relation to the navigation of the vessels and the perils attendant thereon. The duration of the worker's connection to a vessel and the nature of the worker's activities taken together, determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at any given time. Chandris, 515 U.S. at 370 (internal citations omitted) (emphasis added).

To establish this substantial connection, Cross offered the mediation position statements of the Decedent's wife, his estate, and CISPRI conceding that the Decedent was a Jones Act seaman. Cross also submitted the Decedent's job description, and his hand-written time sheets[1] for the year[2] leading up to his

---

[1] The Mudricks argue that none of the hand-written notations on the Decedent's time sheets were made contemporaneously by the Decedent. They suggest that CISPRI Operations Manager Dennis Rome, who did review the time sheets and compile an approximation of the Decedent's marine work for the mediation proceeding, made all the notations on the sheets.

7

accident. With the time sheets, Cross submitted a memorandum from a CISPRI manager explaining that the Decedent's supervisor had reviewed the time sheets and, with special knowledge of the Decedent's assignments and the hours necessary to complete them, determined that the Decedent spent thirty-two percent of his time performing marine work aboard CISPRI vessels in navigation. This calculation is supported by the raw time and task data provided by the Decedent.

In response, to survive summary judgment, the Mudricks must present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e). Their burden is not met by showing "some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, or by making "legalistic argumentation." TIG Ins. Co., 276 F.3d at 759. By this standard, even construing all inferences in favor of the Mudricks, they failed to present any evidence to contradict Cross's proof. The Mudricks argued that the Decedent was not referring to work aboard vessels in the time sheets, but his notations expressly mentioned traveling and working aboard specific vessels in the CISPRI fleet. They also argued that many of the hours included in calculating the thirty-two percent of his time that the Decedent spent working on a CISPRI vessel in navigation, such as time spent in barge firefighting training and working at Drift River, should not have been counted. The Decedent's direct supervisor, who has unique knowledge of what

---

The record makes clear that Rome made the "marine work" notations, but the Decedent wrote out his daily activities in the right-hand column of the sheet corresponding to the hours he logged.

[2] The Mudricks further argue that one year's worth of time sheets is not sufficient to fulfill the requirement that the court determine seaman status based on the maritime worker's "entire employment history." Barrett, 781 F.2d at 1075. Unlike the plaintiff in Barrett who tried to establish seaman status based on a snapshot of eight days out of one year of employment, id. at 1074-75, Cross proffered time sheets for one year of the Decedent's twenty-three-month employment history as an OST working exclusively for CISPRI with CISPRI equipment and on CISPRI vessels. As opposed to eight days out of a year's employment, one year's time sheets are sufficient to satisfy the flexible requirement that we examine the Decedent's entire employment history to determine his status as a Jones Act seaman. Id.

his assignments entailed, included these hours, and the Mudricks offered no substantiated reasons they should not be counted. We have held that hours worked by a maritime employee aboard a vessel need not be hours spent at sea for the employee to qualify as a Jones Act seaman. In re Endeavor Marine, Inc., 234 F.3d at 292. Thus, while we resolve factual controversies in favor of the nonmoving party, that is so "only when there is an actual controversy, . . . when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original).

While the Mudricks correctly assert that the Decedent is not a Jones Act seaman as a matter of law just because Cross made a showing that he spent more than thirty percent of his time working aboard a CISPRI vessel in navigation, when the evidence from the Decedent's time sheets is viewed in conjunction with his job description, the skills he was expected to perform in the course of his employment as an OST, and the actual task he was performing when this most tragic event occurred, "the total circumstances of" the Decedent's employment, Chandris, 515 U.S. at 370, lead to only one conclusion—that the Decedent was a Jones Act seaman.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.