IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-31272

KENNETH W AUSTIN; THEODORE PLAUCHE; JAMES DIDIER;
JOSEPH LEA

Plaintiffs–Appellants

v.

LOUISIANA GENERATING LLC; NRG ENERGY INC

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
No. 3:00–CV–1728

Before KING, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Kenneth W. Austin (age 55), James Didier (age 57), Theodore Plauche (age 48), and Joseph Lea (age 62 and African American) (collectively, "Plaintiffs") appeal the summary judgment granted in favor of defendants-appellees Louisiana Generating, L.L.C. ("LaGen") and NRG Energy, Inc. ("NRG"), (collectively, "Defendants") on their discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) (the "ADEA") and Lea's race discrimination claim under Title VII, 42 U.S.C. § 2000e-2. After

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considering Plaintiffs' prima facie evidence, proffered evidence to show that Defendants' given reasons for their hiring decisions were false, and other relevant evidence on the motivation for Defendants' decisions, Reeves v. Anderson Plumbing Prods., 530 U.S. 133, 141 (2000); Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000), Plaintiffs fail to create a genuine issue of material fact that any protected characteristic was a motivating factor in Defendants' hiring decisions. See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004). Also, Lea waived his Title VII claim on appeal for lack of adequate briefing. See Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 653 (5th Cir. 2004). Consequently, we AFFIRM.

Plaintiffs are former employees of Cajun Electric Power Cooperative, Inc. ("Cajun") who were not offered the jobs they desired when NRG purchased Cajun's assets for LaGen, an NRG subsidiary, in a bankruptcy sale and down-sized the company. Department managers were instructed to fill the positions in their departments with the goal of ensuring the success of the company.

The maintenance department where Austin and Didier were supervisors was down-sizing from five employees to three. The manager was specifically seeking the best team players to fill the available positions and testified that the ability to communicate effectively was a key component of being a team player. He stated that Didier was not offered a position because his communication skills were deficient as compared to those who were hired. Didier offered no summary judgment evidence in his prima facie case or in his attempt to raise a fact question on pretext to rebut the assertion that his communication skills were lacking. Thus, even viewing the evidence in the light most favorable to his claims, Didier failed to raise a fact issue that Defendants' hiring decisions were actually motivated in whole or in part by age discrimination, Crawford, 234 F.3d at 902; Rachid, 376 F.3d at 312, and summary judgment of his claim was proper.

2

With respect to Austin, the maintenance manager testified that before he recommended any employees for the available spots at LaGen, Austin made it known that he, Austin, was less than interested in continuing to work for the company once it became LaGen, admitting that he inquired whether he could leave Cajun before the transition date of March 31, 2000, and retain his Cajun severance package. While Austin attempted to create a fact question in a subsequent declaration by stating the he never expressly told anyone to eliminate his name from consideration, and that he asked as a back-up plan in case he was not hired by LaGen, these assertions, even if accepted as true, do not discredit the manager's testimony that he was under the impression that Austin did not want to work for LaGen based on Austin's prior inquiry. Thus, no reasonable jury could infer that discrimination actually motivated the manager's decision, Crawford, 234 F.3d at 902, and summary judgment was proper.

The operations department where Plauche formerly worked as a shift supervisor was decreasing in size from fourteen supervisors to ten once LaGen took over. When Plauche was terminated from Cajun, he received a severance package of one year's salary—approximately $55,000—which he accepted. While Plauche was not extended a shift supervisor offer, in March 2000, he was offered a job as a dispatcher, which he initially accepted, but which was withdrawn by LaGen when Plauche refused to return his severance pay as all others in his position were required to do. The managers testified that shift supervisor offers were extended based on an employee's capability and flexibility in training at different plant facilities. Under oath, the managers stated that they both understood that Plauche was unable to work at a different plant because he had been unwilling to train there. Plauche contends that he was willing to train at the other facility, but he offers no evidence in his prima facie case or in rebuttal to contradict the managers' sworn testimony that they did not offer him a shift supervisor position because they believed, based on conversations with his

former supervisor, that he could not work at the other plant, as he had been unwilling to train there. Plauche's contentions, at best, "create[ ] only a weak issue of fact as to whether the employer's reason is untrue," which is insufficient to raise a fact question that unlawful discrimination was a factor in an employment decision when, as here, "there is 'abundant and uncontroverted independent evidence that no discrimination [ ] occurred.'" Raggs v. Mississippi Power & Light Co., 278 F.3d 463, 468 (5th Cir. 2002) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000)). Thus, summary judgment was proper on Plauche's claim.

The communications department at LaGen was being reduced by fifty percent—from fourteen employees to seven. Lea, a former Cajun field technician, was not made an offer to work with LaGen. Defendants testified that those actually hired possessed technical skills that Lea did not. To show that Lea was "clearly better qualified" than those chosen and raise a fact question as to whether discrimination was a factor in Defendants' hiring decisions, Lea must present some evidence, in his prima facie case or on rebuttal, from which a jury could reasonably infer that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate[s] selected over the plaintiff for the job in question." Deines v. Texas Dep't of Protective & Regulatory Servs., 164 F.3d 277, 280-81 (5th Cir. 1999). Lea falls far short of this standard. Thus, the district court properly granted summary judgment on his ADEA claim.

Further, we conclude that Lea waived his Title VII race discrimination claim because, in Plaintiffs' brief on appeal, the entire discussion of that claim was relegated to a footnote on the last page of the brief. Since issues "inadequately briefed on appeal are waived," we decline to address this claim. Adams, 364 F.3d at 653.

Accordingly, we AFFIRM the judgment of the district court.