# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-20869
Summary Calendar

ARCADE JOSEPH COMEAUX, JR

Plaintiff-Appellant

v.

DARRELL SUTTON; MARK BISCAMP; ROBERT JENKINS, JR; AUSTIN MCCOMB; TIMOTHY SIMMONS; BRADLEY HUTCHISON; DARRELL LUKER; SAMMY WRIGHT; L LIGGINS; MICHAEL VELASQUEZ; ROBERT QUADA; DEMETRIC PHIPPS; LISA HARRISON; JENNIFER RAGAN; MARTHA BLACKBURN; EDNA LARPENTUER; PATTI REVEL; DEVON CABALLERO; GAIL MACCARTNEY; MS BANKS, Nurse; RICK THALER; DENISE BOX; DR JOHN DOE; RANDALL HEALY; JOHN DOE - 1; JOHN DOE - 2; JOHN DOE - 3; JANE DOE - 3; JOHN DOE - 4; JOHN DOE - 5; ROLLIN ROBINSON; FRANK HOKE; NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice - Institutional Division; GARY JOHNSON; TEXAS DEPARTMENT OF CORRECTIONS OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION; UNIVERSITY OF TEXAS MEDICAL BRANCH AND CORRECTIONAL MANAGED HEALTH CARE; UNKNOWN GIBSON; PATTI DUKE; CURTIS ROBERTS; DOUG DRETKE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2555

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Arcade Joseph Comeaux, Jr., Texas prisoner # 841331, appeals the district court's granting of the defendants' summary judgment motion and the dismissal with prejudice of his pro se, in forma pauperis 42 U.S.C. § 1983 suit. He also moves for the appointment of counsel.

We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir.2000). When considering a summary judgment motion, the trial court may not weigh the evidence or make credibility determinations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

With respect to Comeaux's excessive use of force claim, it is undisputed that Comeaux was injured as the result of a "major use of force" by certain defendants. Because a genuine issue of material fact exists regarding the need and amount of force used by the defendants, the injuries could not be determined to be de minimus simply by evaluating the physical nature of the injury. See Williams v. Bramer, 180 F.3d 699, 703-04 (5th Cir. 1999). Accordingly, the district court erred in dismissing Comeaux's excessive use of force claim.

The district court's dismissal of Comeaux's failure to protect claim was based solely upon its conclusion that Comeaux had not suffered a "cognizable injury" in connection with his excessive force claim. For the reasons noted, the district court did not properly determine whether Comeaux suffered a cognizable injury. Accordingly, the district court's rulings on Comeaux's excessive use of force and failure to protect claims are vacated, and the case is remanded for further proceedings in connection with those claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in dismissing Comeaux's due process claims and granting the defendants' summary judgment motion in connection with those claims. Comeaux has no liberty interest in the resolution of his prison grievances. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). In addition, the disciplinary restrictions Comeaux received in connection with disciplinary cases 20020152797 and 20020250567 and in connection with the charge that he damaged a library book did not result in the imposition of an atypical or significant hardship in relation to the ordinary incidents of prison life. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir.2000); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). Moreover, because Comeaux suffered no constitutional deprivation in connection with the challenged disciplinary proceedings, he could not show that his rights were violated because of an unconstitutional policy or custom of the defendants. See Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 694 (1978).

Comeaux's appellate brief asserts facts and raises claims concerning events that have taken place since the district court entered its judgment. In addition, he challenges disciplinary case 20030108272 for the first time. Because these allegations and claims are raised for the first time on appeal, they will not be considered. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998); Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). In addition, all claims not addressed or adequately briefed in Comeaux's appellate brief are considered abandoned. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Grant v. Cuellar, 59 F.3d 523, 524-25 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Comeaux's motion for appointment of counsel is denied. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

VACATED AND REMANDED IN PART; AFFIRMED IN PART; MOTION DENIED.