# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2011

No. 10-30703
Summary Calendar

Lyle W. Cayce
Clerk

PATRICIA D. SCOTT,

Plaintiff - Appellant

v.

CADDO PARISH COMMISSION; PARISH OF CADDO,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-1003

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patricia Scott brought an action against Caddo Parish, alleging she was fired from her job as Field Manager for Caddo Animal Services because of her race and gender. The district court granted Caddo Parish's motion for summary judgment. Scott argues the district court erred because material fact disputes undermined its finding that Caddo Parish proffered legitimate, non-discriminatory reasons for her termination. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30703

In August 2007, Scott was fired from her position as Field Manager of Caddo Animal Services.  Caddo Parish alleged it fired Scott because she failed to send a captured raccoon for rabies testing and did not properly record her use of the narcotic with which she euthanized the raccoon.  The Equal Employment Opportunity Commission informed Scott she could pursue her discrimination claim. Scott filed suit against Caddo Parish, alleging the Parish terminated her because of her race and gender.  The district court granted Caddo Parish's summary judgment motion.  It ruled that Scott did not establish a prima facie case of discrimination, and also that she failed to demonstrate that Caddo Parish's non-discriminatory reasons for her termination were pretext for discrimination.

This court reviews the decision to grant a motion for summary judgment *de novo*, "applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citation omitted).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "We construe all facts and inferences in the light most favorable to the nonmoving party" when considering a grant of summary judgment. *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005).

A plaintiff "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  If the employee establishes a prima facie case, the "burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.*  If the employer articulates a legitimate reason, the burden shifts back to the employee "to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a racially discriminatory decision." *Id.* at 805.  "Thus, a plaintiff's prima facie case, combined with sufficient evidence to

find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000).

We consider this appeal without analyzing the district court's ruling that Scott failed to establish a prima facie case of discrimination. Scott argues the district court erred when it found that Caddo Parish articulated legitimate reasons for her termination because the court relied on an unauthenticated sheriff's report that should have been excluded as hearsay. She contends Caddo Parish failed to show uncontested facts that established a legitimate reason for her discharge. The district court, though, also relied on the uncontested transcript of a pre-disciplinary conference Caddo Parish conducted with Scott before she was fired. In the transcript, Scott admitted she did not send the raccoon for testing and she failed to log the use of the euthanizing drug. These omissions contravened Caddo Parish's policy regarding both animal testing and recording the depletion of drugs used to euthanize animals.

Thus, even without the sheriff's report, Caddo Parish established legitimate, non-discriminatory reasons for Scott's termination. Under the *McDonnell Douglas* burden-shifting framework, Scott was required to demonstrate these reasons were pretexts for discrimination. *Id.* Scott does not challenge the district court's ruling that there was insufficient evidence to establish pretext. She has failed to meet her burden to show a genuine issue of material fact as to whether her termination was illegally motivated. *See Crawford v. Formosa Plastics Corp., La.,* 234 F.3d 899, 903-04 (5th Cir. 2000). Therefore, the district court's grant of summary judgment was proper.

AFFIRMED.