# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20048

United States Court of Appeals
Fifth Circuit

**FILED**
December 18, 2014

Lyle W. Cayce
Clerk

MARTHA L. ANGLIN,

      Plaintiff - Appellant

v.

CERES GULF, INCORPORATED; WEST GULF MARITIME ASSOCIATION,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2082

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Martha Anglin appeals the district court's grant of summary judgment in favor of Defendants-Appellees Ceres Gulf, Inc., and West Gulf Maritime Association ("WGMA"). Anglin brought claims for breach of contract; Title VII claims for sex discrimination, retaliation, and sexual harassment; as well as a state law conspiracy claim. We AFFIRM the district

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20048

court's grant of summary judgment in favor of Appellees on all claims against WGMA. We also AFFIRM the district court's grant of summary judgment in favor of Appellees on all claims against Ceres Gulf, Inc., with one exception. We REVERSE the judgment of the district court as to Anglin's Title VII sex discrimination claim against Ceres Gulf, Inc., that she was unlawfully demoted from her position as a clerk working ship based on her gender and REMAND for an immediate trial on the merits on that claim.

With regard to Anglin's breach of contract claim, the district court did not err in finding that Anglin failed to exhaust the grievance procedures governing claims for violation of the collective bargaining agreement. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) ("As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress."). As to the district court's grant of summary judgment on Anglin's Title VII claims, we affirm except as to Anglin's claim that she was demoted as a clerk working ship and replaced by a male employee.[1] A prima facie case for Title VII sex discrimination based on a demotion requires the plaintiff to produce evidence showing: (1) she is a member of a protected class, (2) she was qualified for the position she held, (3) she was demoted, and (4) she was replaced by someone outside the protected class. *Caldwell v. Univ. of Hous. Sys.*, 520 F. App'x 289, 293 (5th Cir. 2013) (unpublished) (per curiam); *see Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (Title VII race discrimination and ADEA); *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998) (ADEA); *cf. Manning v. Chevron Chem.*

---

[1] We note that Ceres Gulf, Inc., waived any argument that the grievance procedures in the collective bargaining agreement or memorandum of understanding controlled as to Anglin's Title VII claims.

2

No. 14-20048

*Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003) (Title VII failure to promote). Anglin has produced evidence to support each element of her prima facie case for Title VII sex discrimination based on her demotion from her position as a clerk working ship.  Given that Ceres Gulf, Inc., challenges only her prima facie case and has not put forward a non-discriminatory justification, the district court's grant of summary judgment on this claim was in error.  As to all remaining claims, we AFFIRM the judgment of the district court.

AFFIRMED in part, REVERSED in part.  Each party shall bear its own costs.