[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14551

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-02984-CV-MHS-1

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellant,

versus

MERCHANT CAPITAL, LLC,
STEVEN C. WYER,
KURT V. BEASLEY,

Defendants-Appellees,

NEW VISION FINANCIAL, LLC,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 9, 2009)

Before BARKETT, PRYOR, and FARRIS,[*] Circuit Judges.

PER CURIAM:

The Securities and Exchange Commission ("SEC") appeals from the final judgment dismissing its civil law enforcement action which alleged that Steven C. Wyer and Kurt V. Beasley and their company, Merchant Capital, LLC ("Merchant"), violated registration and anti-fraud provisions of federal securities laws by selling, to members of the general public, investment contracts in a debt-collection enterprise organized as twenty-eight individual registered limited liability partnerships ("RLLP").[1]

This is the SEC's second appeal in this case. In the prior appeal, we determined that the RLLP interests were investment contracts subject to federal securities laws which the defendants violated by selling such interests without filing a registration statement. SEC v. Merchant Capital, LLC, 483 F.3d 747, 766 (11th Cir. 2007) (hereinafter "Merchant Capital I"). We also held that the defendants made material omissions in marketing the RLLP interests by failing to

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1] The specific provisions of federal securities law that the SEC alleges the defendants have violated are Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b); and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

disclose (1) the poor performance of the existing RLLPs after June 2002; (2) defendant Wyer's personal bankruptcy in connection with a prior business venture; and (3) a cease and desist order that prohibited Merchant from selling identical unregistered securities in California.  Id. at 772.

Because we reversed the district court's finding that defendants had not made any misrepresentations or omissions of material fact with regard to the sale of the RLLP interests, we remanded the case for an assessment of whether the defendants had acted with scienter or acted only negligently, and what remedies, if any, were warranted.  Id. We instructed the district court to consider several matters in making its determinations, including:

> the nature of defendants' omissions and misrepresentations; whether the defendants had any business reason, apart from evading the securities laws, for adopting a business form that divided investors into twenty-eight separate partnerships, when they admitted intending to pool the money all along; whether the defendants had a reason to employ the sham balloting procedure, apart from evading the securities laws; whether the advice of counsel they received was based on a full and complete disclosure of the nature of the RLLP interests; whether the promoters had an incentive to prolong the business past the point of viability in order to continue collecting fees; and whether that incentive helped explain why they failed to disclose known performance information for interests sold between June and November 2002, as well as why they failed to disclose the cease and desist order and the prior bankruptcy.

Id. (footnote omitted).

Upon remand, the district court considered the same record before us in the

3

prior appeal. Based on that record, the district court simply found that there was no scienter because, in its view, the omissions were made in good faith. Based on the record before us, it is clear that the omissions found by this court were committed either with the requisite scienter or negligently. Given that the existence of scienter or negligence is a question of fact that is within the province of the district court in the first instance, we find it necessary to remand this case again for a resolution of these questions. Given our prior opinion in this case, the district court is not at liberty to find that the omissions were made neither with scienter nor negligently.

Additionally, the district court must order the appropriate remedies in light of its determination of whether the defendants acted with scienter or only negligently as the availability of remedies differs with reference to each culpable mental state. The district court is instructed to order the appropriate disgorgement and appropriate civil penalties for violations of the anti-fraud statutes.

Although based on the record before us, we would be inclined to order the district court to issue a permanent injunction, we find that the issuance of an injunction involves questions of fact of whether scienter or negligence was involved as well as the other factors mandated by this circuit in SEC v. Carriba Air, Inc., 681 F.2d 1318, 1322 (11th Cir. 1982), and SEC v. Calvo, 378 F.3d 1211,

4

1216 (11th Cir. 2004). The district court is directed to assess these questions of fact and determine whether the SEC is entitled to the issuance of a permanent injunction.

The district court also is directed to enter a judgment for the SEC on the defendants' violation of the registration requirements of §§ 5(a) and (c) of the Securities Act and § 15(a) of the Securities Exchange Act. Because these violations are strict-liability violations, the district court is instructed to order appropriate disgorgement and appropriate civil penalties.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**