[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14890

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-02984-CV-MHS-1

SECURITIES AND EXCHANGE COMMISSION,

                                                            Plaintiff-Appellant,

versus

MERCHANT CAPITAL, LLC,
STEVEN C. WYER,
KURT V. BEASLEY,

                                                            Defendants-Appellees,

NEW VISION FINANCIAL, LLC,

                                                            Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 27, 2010)

Before EDMONDSON and CARNES, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

This appeal is the third time this Court has seen this case. See SEC v. Merchant Capital, LLC, 311 F. App'x 250 (11th Cir. 2009) (hereinafter "Merchant Capital II"), rev'g and remanding 1:02-CV-2984-MHS (N.D. Ga. June 10, 2008); SEC v. Merchant Capital, LLC, 483 F.3d 747 (11th Cir. 2007) (hereinafter "Merchant Capital I"), rev'g in part, vacating in part, and remanding 400 F.Supp.2d 1336 (N.D. Ga. 2005). The case is a civil enforcement action brought by the SEC against Merchant Capital and the two people who own it.

The history has been set out and made in earlier opinions. Briefly stated, the SEC has consistently contended that Defendants failed to register securities and made material omissions about the securities and made the omissions in bad faith; the District Judge has regularly disagreed. As the case stands before us now, we look at two questions:

1.  Whether the District Court clearly erred in determining that Defendants acted no worse than negligently in withholding

---

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

information from investors?

On this question, we know that we review the District Court's findings on scienter for clear error. Merchant Capital I, 483 F.3d at 754. Credibility is important. Especially given that the District Judge heard the oral testimony of the individual Defendants, we accept that a finding of mere negligence was not clearly erroneous.

2.      Whether the District Court abused its discretion in its decisions on imposing equitable remedies, including disgorgement, permanent injunctions, and civil monetary penalties?

Particularly given the finding of mere negligence, we affirm the District Court's decision on the permanent injunction and on the civil monetary penalties.

But we reverse the District Court's decision to order no disgorgement. From our opinion in the last appeal, we point out this sentence: "The district court is instructed to order the appropriate disgorgement . . . for violations of the anti-fraud statutes." Merchant Capital II, 311 F. App'x at 252. And we point out this sentence about violation of registration requirements: "Because these violations are strict-liability violations, the district court is instructed to order appropriate

3

disgorgement . . . ." Id. at 252-53. Our instructions were not suggestions. Nevertheless, in the face of our opinion, the District Court on remand wrote "an order of disgorgement is not appropriate in this case."

Because of the burden of responsibility the Circuit Court bears, we must insist that the instructions that we set out in our opinions be taken, for the pertinent cases, as commands: the mandate. The Circuit Court's orders to the District Court to take a specific action must be treated seriously and carried out fully. As the District Court acknowledged in its most recent order, the chief purpose of disgorgement is to "deprive violators of their ill-gotten gains." Disgorgement is not dependent on scienter, but is tied instead to the idea of unjust enrichment: the broad idea is that persons not profit from breaking the securities laws.

We meant for disgorgement to be ordered by the District Court. Given the instructions set out in our earlier opinion, "appropriate disgorgement" must not become -- in this case on remand -- an outright District Court order of "No disgorgement."

We have read the District Judge's spirited explanation on remand for his own negative conclusion about disgorgement; the words are no substitute for the necessary action. In the light of our earlier opinion, disgorgement, as a matter of

4

law, was -- and is -- warranted in this case.[1]  The outright denial of disgorgement is reversed.  The case is again remanded to the District Court for further proceedings not inconsistent with this decision.  In the District Court, the Chief Judge of the Northern District of Georgia is directed to reassign the case to a different judge to determine the amount[2] of disgorgement that will be imposed and to preside over this case for all other purposes and proceedings in that honorable Court.

AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.

---

[1]As ordered by this Court, Merchant Capital II, 311 F. App'x at 252, the District Court entered judgment concluding that the Defendants had violated Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), as well as Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o(a).  The District Court also concluded that the Defendants had violated Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2), 77q(a)(3).

[2]We express no view on the correct amount of disgorgement: a calculation of causation and figures.