PER CURIAM.
Sherwin Brown is the President and fifty-percent owner of Jameriea Financial, Inc. (“Jameriea”), a Minneapolis-based registered investment adviser. Between May 2004 and January 2006, fifty-three clients ■ invested $1.62M in Brawta Ventures, LLC (“Brawta”), a private investment fund organized by Brown. In March 2006, after a brief but intense investigation, the Securities and Exchange Commission (SEC) commenced this civil enforcement action against Brown, Jameriea, and Brawta alleging that their fraudulent misrepresentations and diversion of Brawta funds violated Sections 17(a)(1), (3) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(l), (3); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); Sections 204 and 206(l)-(2) of the Investment Advisers Act, 15 U.S.C. §§ 80b-4, 80b — 6(1)—(2); and SEC Rules 10b-5 and 204-2, 17 C.F.R. §§ 240.10b-5, 275.204-2.
Initially, the district court[1] granted a preliminary injunction, froze defendants’ assets, and ordered Brawta to undertake and submit a sworn independent accounting. When this accounting confirmed SEC allegations of fund diversions, and Brown petitioned for Chapter 7 bankruptcy relief, the court appointed a receiver to represent Brawta and its investors. The receiver filed an adversary proceeding in Brown’s bankruptcy case seeking remedies for the *860 defrauded Brawta investors. In February-2009, the bankruptcy court granted the receiver summary judgment on these claims, denying Brown certain exemptions, granting a constructive trust on his homestead equity and a portion of his personal retirement account, and excepting from discharge amounts misappropriated from Brawta. That order is not here at issue.
Meanwhile, in September 2008, the district court granted the SEC summary judgment in this civil action, permanently enjoining Brown and Jamerica from future violations of the securities laws, and ordering them, jointly and severally, to disgorge misappropriated investor funds in the amount of $869,633, subsequently increased by $226,380.77 in prejudgment interest. SEC v. Brown, 579 F.Supp.2d 1228 (D.Minn.2008). In resolving the motion for summary judgment, the district court refused to allow Brown to rely on interrogatory responses in which he offered “the broad explanation” that transfers from Brawta funds to Brown and Jamerica were “related to compensation (i.e. management fees), expense reimbursements and consideration for assets transferred into the Brawta funds.” Id. at 1235. The court explained that after Brown submitted the interrogatory responses, he invoked his right against self-incrimination under the Fifth Amendment, and thereby prevented the SEC from exploring his interrogatory answers in a deposition. The court observed that the quoted interrogatory response was “precisely the sort of general answer on a critical issue that would have been explored in great detail in a deposition.” Id. The court concluded that allowing Brown to rely on the interrogatory response in resisting the motion for summary judgment “would allow him to manipulate the discovery process so that his unquestioned, eonelusory assertions are the only version of his testimony in the record.” Id.
The district court, id. at 1238, also adopted the recommendation of a magistrate judge that disgorgement with prejudgment interest was “appropriate to discourage future violations of securities laws and to make the investors whole.” Id. at 1245. The court explained that Brown’s “only objections” to the disgorgement order were addressed in other sections of the court’s order, and that Brown’s contention that the SEC had been inconsistent in its assessment of the total damages was not supported by citation to the record or any alternative proposal. Id. at 1238 & n. 6. In July 2009, after further briefing, the court assessed “Tier III” civil penalties of $80,000 against Brown and $400,000 against Jamerica. SEC v. Brown, 643 F.Supp.2d 1088 (D.Minn.2009).
Counsel for defendants withdrew, and Brown appealed pro se. He argues that he was a victim of “selective prosecution,” that the SEC refused to turn over “exculpatory documents,” that the Brawta venture was “in no way a Ponzi scheme,” that there is “no actual accounting proof of the amount of money” involved in the fraud alleged by the SEC, and that he was involved in no “illegal activities or deceptions.” He asks this court “to overturn all judgments, fines, [and] decisions against [him],” and to order the SEC to reimburse him for the costs of mounting a defense.
Having carefully reviewed the record de novo, we conclude that summary judgment was appropriate for the reasons stated by the district court, and that Brown’s other challenges to the court’s orders are without merit. In light of points raised by the dissenting opinion, we also observe that ample authority supports an order for disgorgement of funds together with injunctive relief, e.g., SEC v. Kenton Capital, Ltd., 69 F.Supp.2d 1, 17 (D.D.C.1998) (explaining that Congress added civil penalties in 1990 because “dis *861 gorgement merely requires the return of •wrongfully obtained profits; it does not result in any actual economic penalty or act as a financial disincentive to engage in securities fraud”), and that “the overwhelming weight of authority hold[s] that securities law violators may not offset their disgorgement liability with business expenses.” SEC v. United Energy Partners, Inc., 88 Fed.Appx. 744, 746 (5th Cir.2004) (internal quotation omitted). Accordingly, we affirm.

. The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the reports and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.