[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-14908
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cv-02984-ODE

SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

MERCHANT CAPITAL, LLC, et al.,

Defendants,

STEVEN C. WYER,
KURT V. BEASLEY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 7, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

This case – a civil enforcement action brought by the SEC against Merchant Capital, LLC, Steven Wyer, and Kurt Beasley – is making its fourth appearance before us. *See S.E.C. v. Merchant Capital LLC*, 397 F.App'x 593 (11th Cir. 2010) ("*Merchant III*"); *S.E.C. v. Merchant Capital, LLC*, 311 F.App'x 250 (11th Cir. 2009) ("*Merchant II*"); *S.E.C. v. Merchant Capital, LLC*, 400 F.Supp.2d 1336, (N.D. Ga. 2005), *rev'd in part, vacated in part, and remanded*, 483 F.3d 747 (11th Cir. 2007) ("*Merchant I*").

In this appeal, the appellants challenge the district court's order requiring them to pay disgorgement plus prejudgment interest.[1] Finding no error, we affirm.

**I**

Because our prior opinions set out the facts and procedural history in detail, we provide only a brief summary. The SEC sued the defendants, alleging violations of the registration and anti-fraud provisions of the federal securities laws. In *Merchant I*, which was an appeal following a bench trial, we determined that the RLLP interests

---

[1] In the amended notice of appeal, Mr. Wyer signed as the authorized representative of Merchant Capital. It is well established, however, that a business organization cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or officer. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Because Mr. Wyer is not an attorney, but merely a stockholder and officer of Merchant Capital, a proper notice of appeal was never filed by Merchant Capital. *See id*. Therefore, we do not have jurisdiction with respect to Merchant Capital because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

were investment contracts subject to the federal securities laws, which the defendants violated. *See Merchant I*, 483 F.3d at 766. In *Merchant II*, we held that the district court erred in finding that the defendants did not act with scienter and were not negligent, and instructed the district court to order appropriate disgorgement for violations of the anti-fraud provisions. *See Merchant II*, 311 F.App'x at 252. In *Merchant III*, we reversed the district court's order of no disgorgement, and remanded the case for further proceedings before a different judge to determine the amount of disgorgement. *See Merchant III*, 397 F.App'x at 595-96.

On remand, the district court held a status conference regarding the matter of disgorgement, and directed both sides to file proposed findings of fact and conclusions of law.[2] After considering the parties' submissions and adopting the SEC's proposed findings of fact and conclusions of law, the district court ordered Merchant Capital to disgorge $5,227,273 plus prejudgment interest in the amount of $3,004,673, for a total of $8,231,946; ordered Mr. Wyer to disgorge $739,641 plus prejudgment interest in the amount of $425,151, for a total of $1,164,792; and ordered Mr. Beasley to disgorge $268,000 plus prejudgment interest in the amount of $154,048, for a total of $422,048.[3]

---

[2] As noted earlier, there had previously been a bench trial.

[3] The appellants proposed significantly lower disgorgement amounts of $25,000 for Merchant Capital, $3,000 for Mr. Wyer, and $1,000 for Mr. Beasley, which amounted to half of the previously

## II

We review a district court's determination concerning the amount of disgorgement for abuse of discretion. *See S.E.C. v. Warren*, 534 F.3d 1368, 1369 (11th Cir. 2008). We also review a district court's decision to award prejudgment interest for abuse of discretion. *See Werner Enters., Inc. v. Westwind Maritime Int'l, Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009). The abuse of discretion standard gives a district court a range of choice, so long as that choice does not constitute a clear error of judgment. *See, e.g.*, *United States v. Lopez*, 649 F.3d 1222, 1236 (11th Cir. 2011).

## III

The appellants argue that the district court abused its discretion in ordering them to disgorge the amounts stated above and in ordering them to pay prejudgment interest. We disagree, and affirm.

## A

To the extent that the appellants argue that the disgorgement amounts ordered by the district court are inconsistent based on the law of the case doctrine, they are incorrect. The amount of the appellants' ill-gotten gains was never decided, explicitly or by necessary implication, in any of the prior appeals in this case. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) ("The [law-of-the-

---

ordered civil penalties.

4

case doctrine] operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal."). Indeed, in *Merchant II* we instructed the district court to determine the appropriate disgorgement for violations of the anti-fraud provisions. *See Merchant II*, 311 F.App'x at 252. And in *Merchant III*, though we reversed the district court's decision to order no disgorgement, we expressed no view on the correct amount of disgorgement. *See Merchant III*, 397 F.App'x at 596.

It is true that in *Merchant III* we explicitly affirmed the district court's decision as to the civil monetary penalties. *See id*. at 595. But had we decided that the civil monetary penalties ordered by the district were an appropriate proxy for the amount of the defendants' ill-gotten gains, we would not have reversed and remanded the matter to the district court for a proper determination of disgorgement. *See id*. at 595-96. Indeed, disgorgement and civil penalties deal with different concerns. *See S.E.C. v. Brown*, 658 F.3d 858, 861 (8th Cir. 2011) (recognizing that Congress added civil penalties in 1990 because disgorgement – by only requiring the return of wrongfully obtained funds – did not result in any actual economic penalty or financial disincentive to engage in securities fraud); *Warren*, 534 F.3d at 1369-70 (affirming district court's order requiring disgorgement of $6.4 million and civil penalty of $75,000).

5

**B**

The appellants also argue that their respective amounts of disgorgement were not reasonable approximations of their unjust enrichment. They say that the amounts ordered disgorged are approximations of the salaries they received from Merchant Capital, and do not take into account the amount of income taxes paid, the fact that the salaries were commensurate with their levels of experience and sophistication, or the complexity of Merchant Capital's business. They also contend that, because their salaries were modest and reasonable, they were legitimately earned.

"The SEC is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains." *S.E.C. v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004) (citations omitted). Once the SEC produces a reasonable approximation the burden shifts to the defendants to demonstrate that the SEC's estimate is not a reasonable one. *See id*. Significantly, exactitude is not required. *See id*. As long as the SEC's estimate is reasonable, any risk of error falls on the wrongdoer whose illegal conduct created the uncertainty. *See id*.

We reject the argument that the district court was required to take into account the amount of income taxes paid. *See Donnell v. Kowell*, 533 F.3d 762, 779 (9th Cir. 2008) (declining to allow good faith investors in a Ponzi scheme to offset

6

disgorgement by amounts paid in federal income taxes). *See also Brown*, 658 F.3d at 861 ("the overwhelming weight of authority holds that securities law violators may not offset their disgorgement liability with business expenses") (citation and internal quotation marks omitted); *Warren*, 534 F.3d at 1370 n.2 ("A contrary rule [prohibiting disgorgement liability in excess of the violator's ability to pay] would allow con artists to escape liability by spending their ill-gotten gains—an absurd result."). Insofar as the appellants argue that their salaries were legitimately earned because they were commensurate with their level of experience and sophistication, we are not persuaded by the argument. We know of no authority, and the appellants cite none, which holds that salaries received, if modest and/or reasonable, cannot be considered ill-gotten gains. The purpose of disgorgement is to deprive the wrongdoer of his ill-gotten gain, *see S.E.C. v. Blatt*, 583 F.2d 1325, 1335 (5th Cir. 1978), and there is no reason why salaries earned cannot be used to determine disgorgement. Here it is undisputed that the amount of disgorgement ordered by the district court was a reasonable approximation of the salaries received by Messrs. Wyer and Beasley from Merchant Capital.[4] We find no abuse of discretion in the district court's

---

[4] In their proposed findings of fact and conclusions of law Messrs. Wyer and Beasley confirmed that they were compensated a total of $900,000 and $268,000 respectively. With respect to Mr. Wyer, the district court ordered a lesser amount of $739,641 in disgorgement based on a clerical error in the SEC's proposed findings.

7

determination that the salaries obtained by Messrs. Wyer and Beasley were derived from the fees charged to the RLLPs and were subject to disgorgement because they constituted ill-gotten gains resulting from the appellants' violations of the anti-fraud provisions.

## C

Finally, the appellants argue that the district court abused its discretion in ordering them to pay prejudgment interest on the disgorgement amounts. They assert that the district court offered no support for its award of prejudgment interest and that it would be unfair to have them pay such interest on funds earned almost a decade ago with the intent to operate the partnerships as viable businesses. The district court, however, did not abuse its discretion. Without prejudgment interest, the appellants would have benefitted from what in effect amounted to interest-free loans of the ill-gotten funds. *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996) (finding no abuse of discretion in district court's order of prejudgment interest where defendants had use of their unlawful profits from the time of the their unlawful gains to the entry of judgment). *See also William A. Graham Co. v. Haughey*, 646 F.3d 138, 145 (3d Cir. 2011) ("Requiring only that a losing defendant pay back the principal amount of a wrongfully obtained sum permits him to retain the money's time value as a windfall in the form of an interest-free loan.").

## IV

The district court's disgorgement order is affirmed.

**AFFIRMED.**